It's okay. You can... No, it's not a problem. It may be the night shift, but we have time for people to regroup. Okay, number 14-30506, Allstate Insurance v. Community Health Center. We'll hear from Mr. Lawler. Good afternoon, Your Honors. Christopher Lawler on behalf of Appellants. Your Honors, this case proceeded forward as a fraud trial in the District Court. What I wanted to take my time this afternoon to address to the Court is the denial of the summary. I believe that the facts and circumstances of this case are unexampled in the jurisprudence as to how this occurred. It began with the granting of a motion for summary judgment wherein the plaintiffs pled that fraud be found against all defendants. The summary judgment included all elements of fraud, and as the Court knows, that motion for summary judgment being well-founded. The last remaining issue for trial was to be the amount owed to the plaintiffs. The way that I interpreted that was not what, if anything, was to be owed, but the amount that was owed. So when that motion for summary judgment was granted, I was under the belief that we had essentially prevailed at trial, that we could then proceed forward by simply putting on the mechanical aspect of how much now are the damages. I would suggest to the Court that if the District Court had any reservations about granting the motion for summary judgment, under Rule 56E and or G, there were other options available. For example, I know another opportunity was given to opposing counsel by an extension of time, but under Rule 56E, the Court can also issue any other appropriate order. Under 56G, the Court can grant less than all the relief prayed for, and or the Court can issue an order essentially finding no relief, but still saying that— Let me ask you this. I don't buy the argument that the judge couldn't reverse herself, so to speak, on the question of granting the summary judgment. So you have that argument briefed. My other two panelists may find merit in it. I don't. But I do have this question on the jury trial, having then reconsidered or whatever she did and said, okay, now we're going to start anew. Then the question of whether you get your jury trial back or not, we talked in the last—I don't know if you listened to the last argument, but what principle are you asking us to announce? I realize there's already a right to trial by jury. I mean, we're not trying to announce that. But specifically here where you have a pretrial order that says we're waiving the jury because it's damages or whatever, what is the principle you would have us announce for your ability to take that back when something changes in the case? What change needs to be made in the case to allow you to take back a waiver of jury trial? Well, I believe it goes to the—in essence, the detrimental reliance upon the motion for the—in terms of relying upon the order, I would cite the court to record number 3420. The first thing that occurs is there is a pending motion to compel set before the magistrate judge. I'm attempting to get information as to my opponent's counterclaim. That is then dismissed as moot because the summary judgment has dismissed the counterclaim. Then, in reliance upon the summary judgment order, I stipulate to a bench trial that is now one day—I would again cite to the court record number—excuse me—record number 2815 where we had a phone conference prior to the motion for summary judgment hearing where counsel and I said this trial is going to take four to five days to try. I would submit that as further evidence of my reliance upon the court's motion for summary judgment, we agree not only is this going to be tried only on damages, but it's going to take one day. There's no way you have liability in one day. Are you sure the defendants actually agreed? Because in the—looking at the provision on the joint pretrial order where it says it's currently set as a jury case, however, the parties agree to have the sole issue of damages tried as a bench trial in New Orleans as a result of the court's judgment of August 21st, 2012. Quantum is the only issue at trial. Then in parentheses, it says defendants subject to this statement. Exactly, Your Honor. What did you construe that to mean? I construed that to be the confusion that this entire matter was infected with once the trial court, the district court, began to backpedal from its granting of the summary judgment. After that pretrial order was entered into, the district court indicates to me, plaintiffs, you still have to prove reliance. And the court essentially cites to the receivable finance case, which was determined by this court, where all state insurance sued a bunch of chiropractors for fraud. They won at the trial court level. They obtained a million dollar judgment. And this court said, we need to overturn it because you haven't proven that any adjuster actually relied upon the fraud. So the judgment goes from you've essentially, what I believe, won and just have to show you step. You have to prove reliance. The record will reflect that I then, after the pretrial conference, file an amended witness list because I realize I'm going to need more witnesses. This is different than what I had been told in what I am submitting to the court is not a confusing order. Let me ask you this, and I'm not saying this is what happened, but let's take the worst case scenario for you, that you were mistaken, but everybody else understood what was going on. Your side, not you personally, your side is mistaken. What do we know about jury right and whatever that would play into that? I mean, in other words, your mistake, is that enough to allow you to undo the mistake if you made a waiver based upon a mistaken understanding of what the district judge had done? What we know about the right to a jury trial is I'm entitled to every reasonable presumption that I have not waived it. And what is particularly unique to this case is, and I believe most telling, is the order, if I can find it here for your honors in the record, where the court's it is 3765. What happens at that point, I am continuing to make filings with the understanding that there is some scope or effect to the motion for summary judgment that's granted in my favor. The district court issues, this is now a week before trial, issues this order saying it has serious concerns about this matter moving forward to trial. The court then says the plaintiffs are confused as to the scope and effect of the summary judgment, and the court, which I believe Judge Haynes is speaking to what you have asked me, the court says it has contributed to this confusion by the brevity of the reasons for the granting of the motion for summary judgment. So your principle would be if the court has contributed to confusion that has led to you making a waiver that you would not have made had the facts been clear, then that's where it should be reinstated. Well, yes, your honor, and I would submit that I could not have stipulated to try this case on liability to the bench because it had been determined when I made that stipulation. That is the crux of the argument. And so what happens in this order that I am referring your honor to? Well, I mean, the judge seems to think you were confused about what she ruled. So I am taking the judge's perspective and saying, okay, the judge thinks you are confused. I frankly find it hard to understand what the judge did because it seems to me if I confused a lawyer, even if I was clear in my head, but I confused a lawyer into waiving a jury trial back. I guess I don't understand why you wouldn't get your jury trial back. Well, that's precisely right, your honor. And what I am trying to, what I am glad to have the opportunity to explain to you is a week before trial when I get this order in the very last paragraph, the trial judge says, look, it wouldn't be that different to have an annotated trial on the damages as it would be to have a full-blown trial on the merits. So let's just have a full-blown trial on the merits. Well, I go from thinking I have won the case to I don't mind telling you I am in a complete panic at this point. Well, what was the impact of their prescription defense at this point? I mean, because it seems to me prescription is a big issue in the case. Well, it is an issue, your honor, but it goes back to it is an issue that was determined based upon the credibility of the witnesses. My opponent raises No, I am not asking you for the merits. I am talking about in terms of when you moved for summary judgment, I believe they had some sort of defense issued as to prescription or they eventually, untimely, they moved for account, you know, their own cross motion for judgment or something like that. Yes, your honor. It was my understanding that any issues of prescription or standing had been done away with. I had my motion for summary judgment that was granted. They had a cross motion for summary judgment where they raised the issues of waiver and of prescription, and that was dismissed as untimely. The court then, there is a rehearing before the court, which besides Rule 56, this is another opportunity for the court to back away from this judgment if it wants to, and what the court says is, look, I am going to deny the motion for reconsideration and specifically states in that order, I have found some fraud has been committed, which goes back to the original argument, which is an abuse of discretion, I think, to vacate the summary judgment because you have a district court saying, I have found fraud, saying it again in the reconsideration, and then in the end saying, when the trial is had, there is no fraud. So I don't mind, again, indicating that it was difficult for me to determine heading towards this trial which way was up. What happened was, when this ruling was issued saying let's have a full-blown trial on the merits, I immediately moved for a motion to continue the trial. I was submitted telling that of all the things that we filed in this case, one of the only things that was unopposed by the defendants was this motion to continue, which Judge Crone speaks to your concern that I would suggest we were all confused as to what was going on here. We all felt like we needed more time to get our bearings and understand. Speaking to what you said, Judge Haynes, when that same day that I moved for the motion to continue, the district court granted it. That's when it vacated. Again, this is docket ‑‑ I'm sorry, record number 4134. The court vacates my motion for summary judgment, which it had essentially already done by indicating it had no scope and no effect at all. Now it just confirmed it. But what it does is it says we are reserving all rights to the parties. Would that not mean reserving my right to have my jury, my client's right? It says I'm granting leave to file any amendment to the complaint. I'm granting leave to file defendant any amendment to answer a counterclaim. Well, I immediately filed my amendment seeking my trial by jury. I mean, so you feel like the judge either couldn't undo the summary judgment or had to give you a do‑over. If she gets a do‑over, you get a do‑over. That's kind of your argument. What I think, Your Honor, is I think ‑‑ I don't understand why, but I think the court determines it erred in granting the summary judgment and slowly begins to back away from the judgment. But to my detriment, because I'm relying upon it, and with each step backwards, I'm continuing to understand, well, what was the scope and effect of this? And it turns out it's nothing. And I agree. So if the court ‑‑ and that's what it does. It presses the reset button. And when it presses the reset button ‑‑ You get a reset. I get a reset. I get the jury. But you don't contend that the district court couldn't change their mind and decide, oh, maybe this is an improvident grant. I'm going to take this out. It's interlocutory. It's not a final thing. I agree, Your Honor. You can change the course of the case. Exactly. You are correct. And I cite, maybe to my own detriment in the brief, the Zamora's case, which says the court can reverse an interlocutory order, which it did here. But again, I don't think it is ‑‑ I think it's manifestly unjust to do that under these circumstances of what was occurring as the trial was proceeding. If the court's going to change its mind, what you're saying is then you should get the opportunity to also undo a waiver that was based on something that's now been changed. Of course. Of course. So what relief do you want? Your Honor, I would ask for my trial by jury. And I think it's important because it's not a harmless error. So you're not asking us to rule on additionally on the preemption ‑‑ I'm sorry, prescription defense or the reliance defense? Your Honor, I'm not asking that. I believe the most important thing is to have this tried to a jury. And, Your Honor, it's not harmless error because we survived a motion for directed verdict. And as Your Honors can see from the judgment, everything was determined based on a credibility issue. How much money was Allstate claiming here? We were claiming, Your Honor, I believe approximately ‑‑ well, it depends on which way you slice it. Right. In terms of ‑‑ there was a claim for the amount actually paid to community that they received, which was roughly half a million. And then there was ‑‑ the alternative argument was we wouldn't have paid anything on these claims, which was then in excess of that, over a million. On the prescription, I'm a little concerned about that. Do you think that that ruling was erroneous? So if you get a trial that you'd be trying the whole thing, not just these claims that the district court found survived? I do believe it was erroneous, Your Honor. And the reason why is because, again, it went to the issue of credibility. On the issue of prescription, we had testimony from all of these adjusters who had been handling these cases throughout the years. And they said we understood, for example, that community might bundle something on the bill or upcode on the bill. That's what SIU does. It looks for these things. And, frankly, they weren't harmed by them because they identified them and that they just wouldn't pay it. What they didn't know is, and what they really could not know, is that Dr. Williams had three separate signature stamps, that they would take a note in Xerox at ten times and write the name of somebody else on there, that until ‑‑ look, some of these things weren't determined until I got the case. Some of these things I was looking, getting ready, and realizing, gee, we need a handwriting expert because look at this. One of the doctors who testified, I think Dr. Cowan, I asked him a question about, well, doctor, what did you think about the Xeroxing of the records? He had reviewed all of them and he didn't even notice it. So in terms of the prescription, you had the adjuster saying they were not aware of it. If they had been, they wouldn't have paid the claims. What the district court judge says is, it cites to exhibit GG, and in that exhibit there is some mention of the upcoding and it says let's look at several of these files to see what's going on, and ultimately a determination is made, well, we'll just keep monitoring this. If you look in the judgment, and I think it's around page ‑‑ I don't know the exact record number, but about page 18 or 19 of the district court's judgment, the district court says, well, Kacheman Fort Hill had a 2004 complete review of all of the records, and so all states should have known then. Well, there was no testimony to that effect. But don't you think they would have known by the time of William's deposition, which was August or September 2007? Well, Your Honor, I think there's a difference between knowing and suspecting that something may be up as opposed to having an understanding that you have an actionable ‑‑ rather a cause of action against a particular defendant. As Katya Monforten testified, she obtained an opinion from counsel, which I believe is important, because as evidenced in this case and other cases where fraud has been asserted, you can rest assured there will be a counterclaim, so you have to be sure you're doing it correctly. So I think that goes to what even the district court cites, which is the King ‑‑ I'm sorry, but we're going far afield, and you don't have time for rebuttal. All right. Thank you, Your Honor. Sorry. Mr. Adememidji. Good afternoon, Your Honor. Good afternoon, Mr. Lawyer. Your Honor, if you look at this matter particularly the way it started from the beginning, when plaintiff filed this suit initially, you will see from that record and as the record reflected that plaintiffs never asked for a jury trial. No, but you did, and they're entitled to rely on it, so move on. Okay. They're entitled to rely on it, but I also ‑‑ Well, are they glad that you did? Well, I'm sure they're glad I did. The same thing happens now. I will say this for the record. The defendant did have some problem during this game by not responding to some memorandum on time, nor filing something on time. It wasn't intentional. It was because of the volume of this case as it went forward. But one thing I would like this court to see and know is that initially from the beginning, the defendant affirmatively stated some defenses, among which is, number one, particularly the exception of prescription. Why did the defendant raise the issue of exception of prescription? They raised the issue of the exception of prescription because the defendant looked at the age of these cases and the time these cases were filed. It shows clearly that prescription has occurred in this matter. The plaintiff in this matter, Allstate, has been from time, let's say as far back as 2003, they have been taking all the claims from community. They have been giving almost identical claims as before. Eight years after the claim, I believe that is still aside at the court. When they fix the issue, would the defendant not be responsible for the issues would there be left classes among individual arguments that you've got a right to a jury trial? That was made and then the only question about going forward was a trial on quantum of liability. Then everything just turned around on them, so it seems to me that they really were denied this right. Your Honor, I think this court has decided the Zimzores v. Veterans Administration. It is the same issue that happened in this particular matter. This court did agree that the trial court has a right. If it doesn't want to reinstate a jury trial, not to do that. Let's assume for argument purposes that the trial by jury court was reinstated. There's nothing to show that all state is still going to prevail on this issue because of the exception of prescription. The 7th Amendment granted right for you to be had and the right for your right not to be trampled, but if the court gave you the latitude of trying your case without any disturbance and you presented the same evidence you would have presented in the previous case and you still did not prevail, then I don't think that right has been trampled. I would allow any court to withdraw a jury trial by saying, well, I heard your case and I wasn't persuaded. Well, it didn't mean we're trying to persuade. It's a jury of 12 men and women, good and true. And that is a significant difference. I mean, whether I have presided over a lot of jury trials when I was a state district judge and I never sat down and worried about whether I agreed with the jury because that wasn't my job to find the facts. I had to look at whether there was sufficient evidence for what they did, but not whether that's what I would have done because that's irrelevant. So if they were entitled to a jury trial, the fact that they had a full trial in front of a very fine and competent judge is irrelevant. Their right was taken from them. They're entitled to it. Your argument needs to be they didn't have that right for some reason or another, and I'm having trouble with it because once she changed the deal completely, I don't understand why they couldn't reinstate their jury demand, which they had made in response to your counterclaim, but in any event, why that couldn't be restated or why they couldn't take back their waiver? Well, Your Honor, I don't believe that the waiver could have been taken back because in the initial stage when we were submitting the pretrial order, and as you know, the pretrial order controls the issue that goes on in the case. Even though the plaintiff was saying that they thought they won the case, you will see that the defendant did object to that. So I mean, we have even less agreement than we typically have, but what they said is we agree that the sole issue of damages will be tried to the bench. Well, there wasn't a sole issue of damages. There was also an issue of liability once she vacated the summary judgment. So even in that document, we're not even arguing about what were their hidden motives or what were they thinking that day. It's there in the document. We know what they were thinking. They were thinking it's a damages-only trial. You maybe were thinking something else. So we didn't even have a meeting of the mind between you two. But once the judge said, hey, I confused everybody. I'm going to hit reset. I don't understand the argument that the plaintiffs here can't get a reset. They thought and they expressed that thought, we only have damages to try. We'll do that to the bench. Once that's not the case, for whatever reason, whoever caused the confusion, why can't they get back their jury demand? Isn't that fundamentally what the law says, that waivers should be very strictly construed and we should grant all reasonable requests for jury? Well, yeah, that's true that you should grant all requests for jury, Judge Haynes. But if you look at the way this case was set, the judge has continually said that this motion for summary judgment granted was for a very specific reason. It did not eliminate the issue. The court told the plaintiff that, okay, the only issue you will litigate is just this issue. The court kept saying it over and over again. And who has for the continuance twice? The plaintiff has for the continuance. The defense did not have for the continuance. In this particular issue, it was the plaintiff that has for the continuance also. And the judge said it from the beginning and all the way over and over that have you seen the case of all state bachelors receivable finance, which we believe is very controlling in this particular matter. And the judge stated that the issue alone will not be the issue of how much hold. Okay, so what is your limiting principle? I mean, if we were to write the opinion your way, given this set of facts, what would you say is the principle that we're announcing or stating? Well, my principle, since you say my principle, my principle will be that it's a harmless error in this particular time in this issue. Because if you look at the case, the way it went from the beginning to the end, like I cited Zimzorris the previous time, Your Honor, it's not like there is not a precedence before in this particular matter. There is one. And Zimzorris is really controlling this particular matter. Because the same issue we're discussing right now was also discussed in the case. Okay, so you're saying the only way it could be harmless error is if there really aren't any facts. You really shouldn't have had a trial at all. And so you're saying there are no fact disputes, and therefore it's harmless error because really there shouldn't have been a trial. It should have been a summary judgment or directed verdict. I guess there would be a trial if there's a directed verdict. But anyway, that there's no fact issues. And that's the only way it can be harmless error, as I understand it. Your Honor, it's not that there's no fact issue. The fact issue can still be had by the judge while the case was still going on. But what we're saying about the fact issue is that really if you look at the whole case in the ballpark as it is, the defendant at no particular time waived those affirmative defenses. There was no way in the record that it was waived. So even if there was a fact issue as to what was the amount, the issue of prescription is still overriding this particular matter. How do you think damages are supposed to be proved? Something different from what your opponent thinks. What things did you think still remain? Some kind of reliance issue? I just don't understand what it is that you thought was required for them to prove damages. Well, I still believe those things that need to be proved, number one, Your Honor. Like our opponent was talking about the issue of testimony from the witnesses. The issue of reliance in Louisiana, as you know, the defendant does not hold any duty to speak in the issue of reliance. If that's one of the issues that was in there, that the plaintiff relied on the assertion of the defendant. And if you look at all state bashers receivable accounts, you will see also in there that the issues of the plaintiff, did they interview the particular people who are the victims of this accident? They were not interviewed. And then did they somehow demarcate how much money community was paid directly? It was not done. And also they did not look at the issue of individual claim total. There were a lot of issues that would have been adjudicated in this particular matter, which the plaintiff did not do in this case. If I may continue on the issue, I refuse to reinstate the jury, Your Honor. The pre-trial audit in this case also showed particularly that the defendant did not agree to the fact that the jury should be reinstated, because both parties were allowed to brief the issue. And after such briefing, the district court agreed that the reinstatement of jury trial would not be granted in this particular matter. Did she just issue a one-sentence order to that effect? I did not see that order in the record excerpt. The order is in the record, but at this particular time, I just cannot point it, Judge, but she did allow both parties to brief the issue. Right, yes. And after we briefed it, she also allowed us to brief it the second time before a decision was made. She did ask us to brief a lot of all the other issues that were pending at the time, such as the issue of reinstatement of the jury trial. Your Honor, if we're talking about the issue also, we have to address the issue of the sufficiency and weight of the evidence during this trial. As this court knows pretty well, the issue of evidence in here is left to the judge to decide what the weight of the evidence is. And it's also left to the judge to decide the truthfulness of each witness, as the judge decided in this issue. The issue of sufficiency and weight of evidence is a prerogative of the court to decide if there was enough evidence, or if the evidence was sufficient for the court to make a ruling. In this particular matter, the Allstate put on the witnesses they were supposed to call in this case, and the defendant did put on some reporters also. And the judge, after looking through the records and listening to this case for over five days, agreed that the weight of evidence is in favor of the defendant in this particular matter. Is it your position that the whole case is barred by prescription? That's correct, Your Honor. Judge Crow, I believe that this whole case is basically on the issue of prescription. Why do you think that? The reason is because if you look at this case from the beginning, normally we as defendants, we bear the burden of proving that there's prescription. But this prescription is evident on the face of the petition. Then the plaintiff, the burden shifts to the plaintiff to prove that there was no prescription in this particular matter. And if you look at the record, there was no allegation of the dates where this incident happened. And then when we came back into this case to prove the dates of each allegation, the date back to 2003, 2004. Let me ask you a question. I thought it was a one-year prescription period in Louisiana. That's correct, Your Honor. So they filed suit in ... 2008, December 2008. So how did they get back earlier? Do they claim damages earlier than 2007? No, Your Honor. They did not claim damages earlier than 2007. So it was a half million dollars just in one year paid to these defendants? Is that it? No, Your Honor. It date back to 2004. And the case was filed in 2008. Right. But I'm ... Okay. Okay. Okay. So the half a million was accrued over that time? It was accrued over that period of time. All right. So it wasn't a matter of something that accrued in one period of time. And if you look at the judge's opinion in the record, Your Honor, the judge did find that there were 16 cases that were not prescribed during that period of time. Right. But the problem that ... The reason that 16 cases now came under scrutiny was because that by the time all states would be asking for those particular matters, community has already changed its whole system of practice. Now it has hired some chiropractors. And even on the witness stand, the expert for all states testified that those chiropractors were doing an excellent job. So therefore, those 16 cases that did not fall under the prescription were the only cases that the sufficiency of weight of evidence was applied to by the judge. Is community still in business? I would say barely, Judge. Barely? Barely. Barely at this time. That was the reason, really, why we're saying that even if there had been a jury trial in this particular matter, just like it was in the all-state versus account receivable, there were too many factors in there that we even would not have allowed that trial to have proceeded to conclusion. So we think prescription is the strongest issue in this particular matter. And we believe that once prescription has accrued against all those counts that all states are challenging, Your Honor, we do not believe that all states should be given that particular right to do it anymore. All right. I think we have your argument, so you don't have to use up all your time. Thank you, Judge. Okay, sir. Thank you. Mr. Lawler? Just very briefly, Your Honors. The question came up about harmless error. This case is not cited in the briefs, but it's Jennings v. McCormick arising out of this court, 154 Federal 3rd, 542. Error in denying a jury is not harmless if the evidence withstood a motion for directed verdict, which opposing counsel did move for a directed verdict. We survived that. Also, Jennings notes that the outcome of that case was almost solely based on credibility of the witnesses, which I would submit is the same case here that we are dealing with, which again indicates why the jury was so important. Unless Your Honors have any additional questions for me, I have nothing further to add. Okay.  Thank you, Your Honors.